# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

STEPHANIE M. COLEY,     )
     Plaintiff          )
                           )
v.                    )     **Civil Action No. 1:03cv00045**
                           )
                           )        **OPINION**
JO ANNE B. BARNHART,     )
**Commissioner of Social Security,**   )    By:   PAMELA MEADE SARGENT
     Defendant      )    **United States Magistrate Judge**

In this social security action, I am asked to rule on a Motion To Reconsider The Court's Order Entered Herein On April 5, 2005 And Obtain Approval Of A Fee For Representing Claimant Before The United States District Court, (Docket Item No. 17) ("Motion to Reconsider"). Based on the reasoning set out below, the Motion to Reconsider will be granted.

Stephanie M. Coley filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423 and 1381 *et seq*. (West 2003). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court remanded the case to the Commissioner. Subsequent to remand, the Commissioner found that Coley was disabled and awarded benefits. Thereafter, Coley's attorney filed a petition seeking approval of a fee of

-1-

$3,750.00 for representing Coley in this court. (Docket Item No. 12.) The Commissioner responded that she did not object to the fee request. (Docket Item No. 14.) By order entered April 5, 2005, this court denied the fee petition because counsel failed to provide the court with the Award Letter from the Social Security Administration or the required sworn itemized statement of his time expended in pursuing Coley's claim in this court. (Docket Item No. 16.)

Thereafter, counsel filed with the court the Motion to Reconsider along with the appropriate documentation, in which he stated that, in a Notice of Award Letter dated February 17, 2005, which has not been provided to the court, Coley was awarded $14,768.08 in SSI backpay, of which $3,692.02 is 25 percent. Counsel further states that in a Certificate of Award dated February 22, 2005, which was attached to the Motion to Reconsider, the Social Security Administration informed Coley that she was entitled to $18,420.00 in DIB backpay and that it had withheld $4,464.00, or 25 percent, therefrom to pay any claimed attorney's fee. It is well-settled that "the only funds available to the attorney of a claimant under both Title II and Title XVI are the funds withheld by the Secretary pursuant to section 206(a) of the Act." *Motley v. Heckler*, 800 F.2d 1253, 1255 (4th Cir. 1986). Thus, counsel is entitled to a fee for representing Coley in this court on her DIB claim only. While the Social Security Administration noted in its February 22, 2005, DIB Award Letter that it usually withholds 25 percent of the total past due benefits, $4,464.00, the amount actually withheld, does not equal 25 percent of $18,420.00. Instead, $4,605.00 constitutes 25 percent of $18,420.00. In any event, such a discrepancy is inconsequential since counsel is seeking $3,750.00, an amount less than either calculation.

In proceedings under title II of the Act, the court is authorized to determine and

-2-

allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In this case, Coley's counsel has provided the court with a fee agreement showing that Coley agreed to the payment of a minimum fee of $750.00 and up to, but not to exceed, one-fourth of any backpay awarded, whichever is greater. The Award Letter states that the Social Security Administration withheld $4,464.00 from Coley's past due benefits to pay Coley's attorney's fee.

In such a case, the court must give the contingency fee agreement a significant amount of weight, but, nonetheless, must independently assess the reasonableness of its terms. *See Gisbrecht*, 535 U.S. at 808-09. Courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably

-3-

expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 802 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee [payable by the loser] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Coley's counsel has supplied evidence that shows that counsel spent a total of 12 hours in representing Coley in this court. The time expended appears reasonable, and I note that the Commissioner has not objected to the amount of time claimed. Also, counsel requests a total fee of $3,750.00, which, if paid for 12 hours of work, would result in a payment of $312.50 per hour. I also note that the Commissioner has not objected to the amount of the requested fee. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits; nor do I find that the benefits awarded were great in comparison to the hours expended by counsel. Thus, taking into account all of the relevant factors, I find that a fee of $3,750.00 is reasonable.

For the foregoing reasons, the Motion to Reconsider will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $3,750.00.

-4-

DATED: April 28, 2005.

/s/  Pamela Meade Sargent

UNITED STATES MAGISTRATE JUDGE